Mapes Legal
Michael C. Mapes
State Bar No. 286939
131 S. Auburn Street
Grass Valley, CA 95945
Telephone: (530) 426-2868
Facsimile: (530) 665-8297

Attorney for Kapil and Brikena Luther

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **KRISHAN K. GOPAL**<br><br>Plaintiffs,<br><br>vs.<br><br>**KAPIL LUTHER, BRIKENA E. LUTHER CALIFORNIA RELIEF LLC,**<br><br>**and DOES 1-50 inclusive**<br><br>**Defendants** | Case No. 2:21-cv-00735-KJM-CKD<br><br>**DEFENDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS MOTION TO REMAND; PROOF OF SERVICE** |

### I.   Introduction

Plaintiff Krishan Gopal and Defendant Kapil and Brikena Luther ("Defendants Luther") are involved in a dispute concerning a Purchase and Sale Agreement ("PSA") under which Defendants Luther agreed to transfer their respective membership interests in California Relief, LLC ("CRL"), and Plaintiff's contention that he has fulfilled all of his obligations under the PSA. Plaintiff's Complaint consists of four causes of action: (1) Breach of Contract against Defendants Luther; (2) Fraud against Defendants Luther; (3) Breach of Fiduciary Duty against Defendants Luther; and (4) Declaratory Relief against Defendant CRL.  Defendants Luther removed this

1

action to Federal Court on the basis of diversity jurisdiction, which Plaintiff opposes.

Plaintiff contends the removal of this action to Federal Court was improper because no basis for removal appears on the face of the Complaint. The Memorandum of Points and Authorities filed by Plaintiff in support of his contention asserts that this Court should remand this case on the basis of: (1) illegality of purpose; (2) abstention; and/or (3) diversity of Citizenship. While Plaintiff identifies illegality of purpose and abstention as two separate points they are in actuality, based on Plaintiff's Memorandum, one point as Plaintiff is arguing that this Court should abstain from exercising jurisdiction because cannabis is illegal under the Controlled Substances Act of 1970.

## II.     Legal Analysis

a. *This Court should Not Exercise the Extremely Narrow Doctrine of Abstention*

As detailed below, abstention is an extremely narrow doctrine, and it should not be invoked in these proceedings, especially given that this dispute should be in arbitration, or alternatively should be stayed pending the resolution of the arbitration previously filed by Defendants Luther against Plaintiff and the other member of CRL, Rakesh Rana.

Abstention from the exercise of federal jurisdiction is the exception, not the rule, and it is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy before it. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S. Ct. 927, 936, 74 L. Ed. 2d 765 (1983). Abdication of this obligation can be justified under this doctrine ***only*** in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest. *Id*. Plaintiff fails to establish the significant justification required for this Court to decline to adjudicate the controversy before it. Therefore, Plaintiff's request that this Court abstain from exercising jurisdiction should be denied.

In his first point, Plaintiff contends this Court should decline to exercise jurisdiction over

this matter because of the illegality of the subject matter. In support of his argument, Plaintiff cites primarily to three cases: *Bart III v. ACC Enterprises*, 2020 WL 1638329 (D. Nev. Apr. 1, 2020); *Polk v. Gontmakher*, 2020 WL 2572536 (W.D. Wash. May 2, 2020); and *Left Coast Ventures v. Bill's Nursery, Inc.*, Case No. C19-1297 MJP (W.D. Wash. Oct. 31, 2019). In *Bart St. III*, the Court held that certain provisions of the contract at issue in that case, the right of first refusal and operating capital terms were several from the rest of the contract as a result of their illegality, but the Court did not dismiss the case or remand the case to State court. *Id*. Instead, the Court noted that federal courts do not take a "black and white" approach to enforceability of contracts as a result of illegality, and that there are situations involving marijuana that do not mandate illegal conduct. *Id*. Specifically, the Court cited the case of *Mann v. Gullickson*, 2016 WL 647315 (N.D. Cal. 2016) and summarized the case as "explaining that payment for the purchase of a marijuana business "does not require [defendant] to possess, cultivate, or distribute marijuana…. [t]hus…ordering payment on the parties' contract would not mandate illegal conduct." It is clear from *Bart Street III* that simply because the business of CRL involves cannabis does not mean that the PSA is automatically void, either in whole or in part, and it is clear that at least in *Bart Street III*, the Court did not deem it necessary to abstain from exercising jurisdiction even if a portion of the dispute involved illegal subject matter. Defendants would request this Court take the same approach to this matter as did the Court in *Bart Street III*.

One of the other main cases cited by Plaintiff, *Polk v. Gontmakher*, is clearly distinguishable from the current dispute before this Court. In *Polk*, the Court determined that the damages sought by Polk, future profits from the operation of a business, violated federal law, and therefore his complaint should be dismissed. *Polk v. Gontmakher*, 2020 WL 2572536 (W.D. Wash. May 2, 2020). The relief Plaintiff seeks this Court to Order is not future profits from the operation of CRL. Instead, Plaintiff's requested relief is that Defendants transfer their

membership interest in an LLC to Plaintiff, and that Defendant Kapil Luther return certain certificates and sign related paperwork required by the California Department of Food and Agriculture.

The final authority cited by Plaintiff in support of his abstention argument is *Left Coast Ventures Inc. v. Bill's Nursery Inc.*, 2019 WL 6683518, (W.D. Wash. Dec. 6, 2019). In *Left Coast Ventures*, the Court found that abstention was appropriate because the dispute would require the Court to evaluate state laws that are in violation with the Controlled Substances Act. *Id*. Interestingly, despite citing *Left Coast Ventures* in support of his argument Plaintiff fails to identify what California laws that are in conflict with the Controlled Substances Act, if any, this Court would need to interpret to resolve this dispute.  Therefore, Plaintiff has failed to establish the required "important countervailing interest" of the state of California that would allow this Court, in its discretion, to abstain from adjudicating the controversy before it.

Additionally, Defendants would note that they are seeking that this Court either compel Plaintiff to submit to arbitration or to stay these proceedings until the previously filed arbitration between Plaintiff, Defendants, and the other member of CRL, Rakesh Rana, is resolved. This is an important point for two reasons. First, it cannot be genuinely contended that an Order from this Court compelling the parties to arbitrate or staying these proceedings until the arbitration is resolved would conflict with federal law, including the Controlled Substances Act. Therefore, there is clearly no "important countervailing interest" of the State of California that would support abstention by this Court. Second, there is a strong federal policy interest favoring arbitration. The Federal Arbitration Act  is a congressional declaration of a liberal federal policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (stating that

the Act reflects an emphatic federal policy in favor of arbitral dispute resolution." ).

As stated by the United States Supreme Court, abstention is an extremely narrow doctrine that should be exercised in exceptional circumstances. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S. Ct. 927, 936, 74 L. Ed. 2d 765 (1983) . Plaintiff has failed to detail and explain why the current dispute constitutes such an exceptional circumstance. Notably, Plaintiff's only arguments are that cannabis is illegal, and that this case involves state and local regulations needed to conduct a cannabis business lawfully. Plaintiff fails to identify how a dispute concerning the PSA, and Plaintiff's contention that Defendants should be required to transfer their membership interest in an LLC, justify abstention by this Court.

b. <u>Plaintiff Fails to State a Cause of Action against CRL, a non-party to the PSA</u>

In his final point, Plaintiff contends that CRL is a proper party to this action, and therefore this case should be remanded. The lone count of Plaintiff's Petition involving CRL is its request for declaratory relief. Specifically, Plaintiff points to Paragraph 4 of its allegations which states that "This action is to require Defendant CRL to perform promises to transfer ownership of CRL including certain rights of ownership as set forth in the Purchase and Sale Agreement…" The most glaring problem with Plaintiff's argument is that CRL is not a party to the PSA. If CRL is not a party under the PSA, then the question is: what promises made by CRL is Plaintiff referring to? The simple answer is "none", because CRL is not a party to the PSA and made no promises thereunder.

Plaintiff cites the case of *Tampone v. Richmond*, 10-11776, 2010 WL 3083539 (E.D. Mich. Aug. 5, 2010) in support of his argument that CRL is a necessary party to these proceedings. *Tampone* is clearly distinguishable from the present matter. In *Tampone*, the Court denied a Motion to Dismiss for lack of diversity jurisdiction, but at the same time did state that an

LLC, Merchant Assure, was not a nominal or formal party to the action. *Id*. at *8. The Court's reasoning behind its statement that Merchant Assure was not a nominal party was that the complaint alleged derivative claims on behalf of Merchant Assure. *Id*. at *5. That issue is not present in this case as there are no derivative claims being brought by Plaintiff on behalf of CRL.

This present matter is more akin to the case of *Roskind v. Emigh*, 2007 WL 981725 (D. Nev. April 2, 2007) which was analyzed by the *Tampone* Court. The Court summarized the case as:

> The Nevada court in *Roskind* concluded that the limited liability company named as a defendant was a nominal party because the real dispute was between the sole members of the company over the dissolution and distribution of the company's assets. 2007 U.S. Dist. LEXIS 25972, at *7, 2007 WL 981725. " 'We will ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.' " *Id.* (quoting *Prudential Real Estate Affiliates v. PPR Realty,* 204 F.3d 867, 873 (9th Cir.2003)).

*Tampone v. Richmond*, 10-11776, 2010 WL 3083539, at *4 (E.D. Mich. Aug. 5, 2010). As alleged in Plaintiff's Complaint, this dispute involves a dispute under the PSA, and Plaintiff's request to have the Court Order Defendants to transfer their membership interests to Plaintiff. This matter is very similar to *Roskind*. The only action that CRL would take, if any, if the Plaintiff was successful in this matter would be to note the transfer of the interests from Defendants to Plaintiffs in its records. That is purely a ministerial act, and does not require CRL to be a party to these proceedings. Therefore, CRL constitutes a nominal party, and its citizenship should be disregarded for the purpose of analyzing whether this Court has diversity jurisdiction over this matter.

### III. Conclusion

Plaintiff's Complaint concerns alleged violations by Defendants Luther of the PSA, and alleges that Plaintiff is entitled to damages well in excess of $75,000. There is no dispute that Plaintiff's citizen is completely diverse from that of Defendants' Luther. As a result, the only

6
DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

arguments relied on by Plaintiff in support of his Motion to Remand are that this Court should exercise its discretion and invoke the extremely narrow doctrine of abstention because CRL is a cannabis business, and that CLR, a non-party to the PSA, is a necessary party to this action. As detailed in this Response, those arguments fall flat.

First, abstention is an extremely narrow doctrine that is to be invoked only in exceptional circumstances where remand to state court would clearly serve an important countervailing interest.  Plaintiff fails to specifically identify what that purported interest is, and why remand is necessary to serve that interest.  Therefore, this Court should not abstain from adjudicating the controversy before it.

Second, CRL clearly should be disregarded for the purpose of diversity of citizenship. Plaintiff contends this controversy is a dispute concerning the PSA, but also claims that CRL, a non-party to the PSA, is a necessary party to this action because the request for Declaratory Relief "seeks relief to require [CRL] to perform its duties to transfer ownership and the rights laid out in the PSA."  Again, and directly contrary to Plaintiff's contention, CRL has no duties under the PSA because it is not a party and did not agree to perform or refrain from taking action in the PSA.

The citizenship of Plaintiff and Defendants Luther are completely diverse, and the amount in controversy exceeds $75,000. This Court should therefore deny Plaintiff's Motion to Remand.

Date:  May 13, 2021                          Signed:    /s/ *Michael C. Mapes*

                                                                  Michael C. Mapes
                                                                  Mapes Legal, PC
                                                                  Attorney for Defendants

## PROOF OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Grass Valley, County of Nevada, and my business address is 131 South Auburn Street, Grass Valley, CA 95945. On May 13, 2021, at Grass Valley, California, I served the attached document:

1. **DEFENDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS MOTION TO REMAND**

on the following parties:

Craig Diamond and Fran Cole - Diamond Baker Mitchell Cole, LLP
cdiamond@diamondbaker.com
FCole@diamondbaker.com
149 Crown Point Ct.
Suite B
Grass Valley, CA 95945-9551

**By electronic mail delivery**. I I electronically served the documents listed above to the parties at the email addresses listed.

**Via the Court's ECF System**. I electronically filed the foregoing with the Clerk of the Court for the United States Court of for the Eastern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 13, 2021, at Grass Valley, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 13, 2021                                  Signed:   */s/ Michael C. Mapes*

                                                              Michael C. Mapes