UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Krishan K. Gopal,<br>Plaintiff,<br>v.<br>Kapil Luther, et al.,<br>Defendants. | No. 2:21-cv-00735-KJM-CKD<br>ORDER |

Plaintiff Krishan K. Gopal brings state law claims arising from a contractual dispute over a cannabis business. Defendants removed the action to this court. Plaintiff moves to remand, and defendants move to dismiss. Both motions are fully briefed. The court **grants plaintiff's motion to remand**, and therefore **denies defendants' motion to dismiss as moot**.

## I. BACKGROUND

California Relief LLC (CRL) is a cannabis cultivation business. Compl. at 6, Not. Removal, ECF No 1-1.[1] Krishan Gopal, Rakesh Rana, and defendants Brikena Luther and Kapil Luther are all members of CRL. *See* Rana Decl. ¶ 1, ECF No. 9-3; Purchase and Sale Agreement

[1] When citing documents filed with Nevada County Superior Court, the court uses the pagination automatically generated by this court's CM/ECF system.

(PSA) at 13, Not. Removal Ex. A, ECF No. 1-1.[2] In February 2020, Gopal agreed to purchase the Luthers' interests in CRL for $700,000.00. *Id.* at 13–14. The Luthers also agreed to transfer their cannabis cultivation license and permit. *Id.* at 15. Gopal alleges the Luthers have refused to relinquish "a license to cultivate cannabis in California" and a "Nevada County permit" for marijuana cultivation. Compl. at 8. The Luthers contend Gopal breached his obligations under the agreement and argue the parties must arbitrate their dispute. *See* Mot. Dismiss, ECF No. 4.

Gopal originally filed this action in Nevada County Superior Court. Compl. at 1. He asserts three claims against the Luthers: (1) breach of contract; (2) fraud; and (3) breach of fiduciary duty. *Id*. at 4–11. He also seeks declaratory relief against CRL. *Id*. at 11. The Luthers removed the action after all of the defendants were served, invoking this court's diversity jurisdiction. *See* Not. Removal, ECF No. 1.

Two fully briefed motions are pending before the court. Gopal moves to remand the action to state court for lack of jurisdiction; in the alternative, he asks the court to abstain from deciding this case. Mot. Remand, ECF No. 9; Opp'n Remand, ECF No. 12; Reply Remand, ECF No. 14. The Luthers move to compel arbitration and to dismiss or stay the action. Mot. Dismiss, ECF No. 4; Opp'n Dismiss, ECF No. 11; Reply Dismiss, ECF No. 15. The court submitted both motions without oral argument. Min. Order, ECF No. 13.

## II. REMOVAL JURISDICTION

The court begins with the motion to remand and Gopal's argument that this court lacks subject matter jurisdiction.

Under 28 U.S.C. § 1441(a), when a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. The removal statute is strictly construed, and doubts are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of

/////

[2] When citing the PSA, the court also uses the pagination automatically generated by the ECF system.

citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The Luthers rely on this court's diversity jurisdiction. *See* Not. Removal ¶ 7. For this court to exercise diversity jurisdiction, each plaintiff must have different citizenship from each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Gopal is thus a citizen of Texas,[3] *see* Not. Removal ¶¶ 9–10; 28 U.S.C. § 1332(a)(2), and the Luthers are citizens of Missouri, Not. Removal ¶ 8. CRL is a California limited liability company. Compl. at 4. An LLC shares the citizenship of all its owners or members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Gopal is one of CRL's members. As a result, Gopal and CRL are not diverse, so this court lacks removal jurisdiction unless CRL was fraudulently joined or is merely a nominal defendant with nothing at stake. *See id.*; *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

The Luthers contend both that CRL was fraudulently joined and that CRL is merely a nominal defendant. The court considers each argument in turn.

**A. Fraudulent Joinder**

The removing defendant "bears a heavy burden" in attempting to show removal is proper given the "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548 (internal quotation marks and citation omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the

[3] When a person is "lawfully admitted for permanent residence in the United States," as Gopal is, a permanent resident who resides in Texas, a district court does not have original jurisdiction over an action between that person and another person who is "domiciled in the same state." 28 U.S.C. § 1332(a)(2).

plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

Here, it is undisputed that CRL was not a party to the PSA. The only justiciable controversy is between Gopal and the Luthers, and Gopal's claim for declaratory relief seeks only to "transfer ownership" of the remaining one-third interest in CRL from defendants to himself. Mot. Remand at 2–3; PSA at 11. The Ninth Circuit has upheld a finding of fraudulent joinder when a plaintiff has named a non-signatory in a breach of contract action. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *see also, e.g.*, *Kin Wai Wu v. Mt. Hawley Ins.*, No. 11-01323, 2011 WL 3443940, at *2 (N.D. Cal. Aug. 8, 2011) (finding fraudulent joinder where defendant was not party to underlying contract; a claim for declaratory relief alone insufficient to establish an actual controversy with non-signatory defendant); *BSD, Inc. v. Equilon Enterprises, LLC*, No. 10-05223, 2011 WL 1295984, at *4–5 (N.D. Cal. Apr. 1, 2011) (same). On this record, the court finds CRL was fraudulently joined.

**B. Nominal Party**

Even if CRL had not been fraudulently joined, however, the result would be the same because CRL is merely a nominal party. This case is akin to *Roskind v. Emigh*, No. 05-0825, 2007 WL 981725 (D. Nev. April 2, 2007). In *Roskind*, the court found a defendant LLC was a nominal party because the real dispute was solely between the LLC's members. *Id.* at *3. The LLC's role was ministerial. *Id.* That is true in this case as well. CRL was not party to the contract that is at the source of this dispute. Like the LLC in *Roskind,* CRL's role is ministerial. Its presence is necessary only to "effectuate the relief sought" by Gopal, that is, to enforce the transfer of the license and permit to effectuate the contract. *Id.*; *see also Skaaning v. Sorensen*, No. 09-00364, 2009 WL 3763056, at *5 (D. Haw. Nov. 10, 2009) (reaching same conclusion in similar case).

In advancing the contrary conclusion, Gopal relies primarily on *Tampone v. Richmond*, No. 10-11776, 2010 WL 3083539 (E.D. Mich. Aug. 5, 2010), which is distinguishable. In *Tampone*, the plaintiff brought derivative claims on behalf of the LLC for harm the LLC itself

had suffered. *Id.* at *5; *see also Shevick v. Zupon*, No. 11-04228, 2011 WL 2495040, at *2 (C.D. Cal. June 22, 2011). Gopal does not allege CRL suffered any derivative harm. Instead, he alleges the Luthers breached their fiduciary duties. He brings this action to vindicate his own injuries only. Compl. at 10. For the same reasons, the court rejects Gopal's contention that CRL is a proper defendant and has a stake in the declaratory relief claim. *See* Mot. Remand at 8–10. He has no dispute with CRL itself, but rather only with the Luthers.

In sum, the court finds CRL was fraudulently joined and is merely a nominal defendant. The court disregards its citizenship when determining whether the parties are diverse. Because there is no dispute that the remaining parties are diverse and that more than $75,000 is in dispute, the court finds that it has subject matter jurisdiction over Gopal's claims under § 1441 and § 1332.

## III. ABSTENTION

Gopal also urges this court to abstain from adjudicating this dispute action and remand to state court because his claims relate to a contract to cultivate marijuana, which is a violation of federal law. *See* Mot. Remand at 5–7; *City of Vista v. Gen. Reinsurance Corp.*, 295 F. Supp. 3d 1119, 1124 (S.D. Cal. 2018) ("federal courts have the power to dismiss or remand cases based on abstention principles . . . where the relief being sought is equitable or otherwise discretionary") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). The federal Controlled Substances Act ("CSA") provides that it is unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," including marijuana. 21 U.S.C. § 841(a)(1). California law, by contrast, permits some "commercial activity relating to medicinal cannabis or adult-use cannabis." Cal. Civil Code § 1550.5; *see Swamp Cap., LLC v. Shaw*, No. 298436, 2022 WL 190337, at *1 (Cal. Ct. App. Jan. 21, 2022) (unpublished) (upholding verdict in favor of enforcing contract for ownership interest in cannabis dispensary without consideration of the CSA).

Neither federal nor state courts will enforce a contract if it "order[s] a legal violation." *Bassidji v. Goe*, 413 F.3d 928, 937–39 (9th Cir. 2005). The Ninth Circuit and Supreme Court have not decided whether a federal district court may adjudicate disputes related to cannabis

transactions fairly, given the state of federal law.  District courts in the Ninth Circuit have held that contracts regarding cannabis transactions "may be enforced in certain circumstances where the requested remedy is not unlawful." *Polk v. Gontmakher*, No. 18-01434, 2020 WL 2572536, at *2 (W.D. May 21, 2020); *see also Mann v. Gullickson*, No. 15-03630, 2016 WL 6473215, at *8 (N.D. Cal. Nov. 2, 2016) (hearing contract dispute involving marijuana license consulting business and hydroponic consulting business); *Siva Enterprises v. Ott*, No 2:18-06881, 2018 WL 6844714, at *5 (C.D. Cal. Nov. 5, 2018) (same).  In considering whether to adjudicate cannabis disputes, district courts generally have found they "may not vindicate equity in or award profits from a business that grows, processes, and sells marijuana." *Sensoria, LLC v. Kaweske*, No. 20-942, 2021 WL 2823080, at *8 (D. Colo. July 7, 2021) (collecting cases); *Indian Hills Holdings, LLC v. Frye*, No. 20-00461, 2021 WL 5994036, at *10 (S.D. Cal. Dec. 17, 2021) (denying motion to dismiss because plaintiff sought "re-payment of amounts tendered" and providing "damages over specific performance" allowed the court to avoid violating federal law).  The court finds this reasoning persuasive.  As a result, the court's capacity to enforce the parties' contract turns on the form of relief Gopal seeks.  *See Mann*, 2016 WL 647315, at *7.

Gopal argues enforcement of the PSA would require the transfer of a cannabis license and permit, which would violate the CSA.  Mot. Remand at 2 & 5.  In *Polk*, the district court concluded that enforcing a similar contract would violate the CSA because the plaintiff sought future profits of a marijuana business.  2020 WL 2572536, at *2.  Here, Gopal does not seek future earnings; however, he does seek damages resulting from defendants' withholding of the "license to cultivate cannabis," Compl. at 8, and transfer of the state license and county permit to Gopal so that he can operate the cannabis business, Mot. Remand at 2–3.  Because CRL's "sole business is cannabis cultivation," both remedies directly contravene federal law.  Mot. Remand at 2.  This court cannot enforce an ownership interest in a marijuana business or order damages derived from the cultivation and sale of marijuana, which is CRL's singular enterprise.

While the court is faced with a contract that the CSA would likely prohibit, the contract may well be enforceable under California law.  Federal district courts have discretion to abstain from adjudicating a case if it presents "difficult questions of state law bearing on policy problems

of substantial public import whose importance transcends the result in the case [] at bar." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 814 (1976). A federal court may abstain if the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). The Ninth Circuit has held this discretion has its roots in a district court's power to abstain from granting equitable relief, so it is limited to equitable cases, as this one is. *See Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 355–56 (9th Cir. 1995).

At least two federal district courts have relied on these abstention principles in deciding not to exercise jurisdiction over disputes about contracts and regulations governing the sales and distribution of cannabis. *See MediGrow, LLC v. Natalie M. LaPrade Med. Cannabis Comm'n*, 487 F. Supp. 3d 364, 376 (D. Md. 2020); *Left Coast Ventures Inc. v. Bill's Nursery Inc.*, No. 19-1297, 2019 WL 6683518, at *2 (W.D. Wash. Dec. 6, 2019). Their reasoning is persuasive: State courts have a greater interest in the interpretation of state laws that create regulatory channels for cannabis cultivation, licensing, sales, and distribution, especially when those laws conflict with the CSA. *See Medigrow*, 487 F. Supp. 3d at 376. And as the District of Washington observed in *Left Coast Ventures*, if a defendant could assert an illegality defense in federal court, a contract party might attempt to skirt or avoid state laws and regulations by creating contracts that would be enforceable in federal court. 2019 WL 6683518, at *2. Litigants would have an incentive to shop for the more favorable forum—state or federal court—depending on the litigant's position. As a result, "exercise of federal review . . . 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern,'" *id.* (quoting *Colorado River*, 424 U.S. at 814), here, commercial cannabis operations.

While the Luthers argue the court should send the parties to arbitration as a way to avoid any disruption of state law, Opp'n Remand at 4, the court declines to follow this path. Even after arbitration the case could return to this court on enforcement in ways that would raise the same issues Gopal's abstention motion does at this stage of the litigation.

/////

The court abstains and therefore remands, due to the tension between Gopal's requested equitable relief and federal law's classification of marijuana under the CSA.

## IV. CONCLUSION

For the foregoing reasons, the court **grants the motion to remand on abstention grounds only (ECF No. 9)**. The case is **remanded to Nevada County Superior Court**.

The **motion to dismiss (ECF No. 4) is denied as moot**.

**All previously set deadlines and hearings are vacated.**

The clerk is directed to **close the case**.

This order resolves ECF Nos. 4 & 9.

IT IS SO ORDERED.

DATED: February 18, 2022.

CHIEF UNITED STATES DISTRICT JUDGE